REQUESTED BY: Dear Senator Hoagland:
You have requested this office to review the provisions of LB 261, as amended and passed to Select File, and to consider whether it accomplishes the intended objective without creating unanticipated problems.
LB 261 would submit to the electors an amendment to ArticleV, section 5, of the Nebraska Constitution regarding the nature and formation of Supreme Court judicial districts. Pursuant to said amendment, the judicial districts would correspond identically to the congressional districts of the state and an equal number of judges of the Supreme Court would be selected from each district. The term of office of any judge currently serving on the court would not be altered; such a judge would continue to serve from the district from which he was selected. Present constitutional language regarding the effect of redistricting would be retained. Said language provides that whenever the Supreme Court is redistricted, judges then serving continue in office and the law effecting the redistricting shall specify as necessary which newly established district such a judge represents for the remainder of his term.
As mentioned in your correspondence, tying judicial districts directly to congressional districts and mandating the selection of an equal number of judges from each district, may pose problems upon a change in the number of congressional districts. Pursuant to 2 U.S.C.A. § 2a, reapportionment of Representatives may occur after each decennial census of the population. If the number of Representatives to which Nebraska is entitled would increase to four or five, it would be impossible to comply with the mandate of selecting an equal number of judges from each district.
Similarly, problems might arise upon a change in the structure of the Supreme Court. A change in the number of judges on the court might render it impossible to comply with the mandate of selecting an equal number of judges from each judicial district. For example, if the number of judges on the court were to be increased to nine, since the Chief Justice is not selected from a judicial district, it would not be possible to comply with the mandate of selecting an equal number of eight judges from three districts.
The proposed constitutional amendment is presently feasible.
However, its continued viability is contingent upon the constancy of the congressional districts as well as the structure of the Supreme Court. A change in either may necessitate further revision of this constitutional provision. In the event of the above described contingencies, changes necessitated thereby might be less troublesome if the constitutional amendment at issue would be of a more general nature, authorizing implementing legislation which could describe more particularly an interrelationship between congressional districts and Supreme Court judicial districts.
If we can be of any further assistance, please advise.